UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AzOx, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Bloom International Realty, LLC, <br><br> Defendant. | Case No. 20-cv-00910 (SRN/KMM) <br><br><br> **ORDER** |

Nahid H Abuelhassan, Abuelhassan Law, PLLC, 332 Minnesota Street, Suite W810, St. Paul, MN 55101, for Plaintiff.

Daniel P Doda, Doda & McGeeney, P.A., 421 1st Avenue SW, Suite 300 East, Rochester, MN 55902, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendant Bloom International Realty, LLC's ("Bloom") Motion for Attorney Fees [Doc. No. 36]. AzOx did not file a response. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** the motion.

I.     **BACKGROUND**

The Court is familiar with the facts and history of this case having recently granted Defendant's Motion for Summary Judgment. (October 21, 2021 Order [Doc. No. 34].) Accordingly, the Court only briefly recounts the facts relevant to this motion.

1

On March 17, 2020, Plaintiff AzOx LLC filed suit against Defendant in Minnesota state court [Doc. No. 1-3], alleging breach of contract and fraudulent concealment. On April 10, 2020, Defendant removed the case to federal court [Doc. No. 1-4]. On April 29, 2021, Defendant filed a Motion for Summary Judgment [Doc. No. 21], and On October 21, 2021, the Court granted the motion.

On October 29, 2021, Defendant filed the instant motion, requesting "an award for attorney's fees as the prevailing party and as allowed under the contract between the parties." (Mot. for Attorney Fees [Doc. No. 36].) Defendant requests fees representing 170 attorney hours at a rate of $300 an hour, for a total request of $51,000. (Second Doda Decl. [Doc. No. 39].)

The amended contract allows an award of attorney's fees and costs to the prevailing party in a lawsuit. (First Doda Decl. [Doc. No. 24], Ex. 6 ("Amended Contract") at 7 (explaining that the original contract retains "full force and effect" except as expressly modified in the amended contract); *Id.*, Ex. 3 ("Original Contract") at 12 ("Attorney's Fees. In the event of any controversy, claim or dispute between the Parties affecting or relating to the purposes or subject matter of this Agreement, the Party substantially prevailing on any claim will be entitled to recover from the other Party all of its claim-related reasonable expenses, including reasonable attorneys' and accountants' fees, including in any bankruptcy or appellate proceedings.").)

## II.   DISCUSSION

As a general rule in Minnesota, each party bears its own attorneys' fees, absent a statutory or contractual exception, such as the fee-shifting provision in the Original Contract. *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.*, 703 F.3d 1104, 1112 (8th Cir. 2013) (awarding attorney fees, as permitted by a contract between the parties). In the fee-shifting provision of the Original Contract, the parties agreed that the "substantially prevailing" party would be entitled to recover reasonable attorneys' fees. (First Doda Decl., Ex. 3 ("Original Contract") at 12.) This provision retained "full force and effect" in the amended contract. (First Doda Decl. [Doc. No. 24], Ex. 6 ("Amended Contract") at 7.) Defendant moved for summary judgment, and the Court granted the motion, thus Defendant is the prevailing party. Accordingly, Defendant is entitled to an award of attorneys' fees.

To be enforceable, "the amount of fees allowed under the contract must be reasonable." *Wescott Agri-Products, Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1093 (8th Cir. 2012) (citing *State Bank of Cokato v. Ziehwein*, 510 N.W.2d 268, 270 (Minn. Ct. App. 1994)). Courts consider "all relevant circumstances" when determining the reasonableness of hours and hourly rates. *Milner v. Farmers Ins. Exch.*, 748 N.W.2d 608, 621 (Minn. 2008) (citing *State v. Paulson*, 188 N.W.2d 424, 426 (Minn. 1971)). Factors relevant to the determination of reasonableness include:

> (1) the time and labor required; (2) the nature and difficulty of the responsibility assumed; (3) the amount involved and the results obtained; (4) the fees customarily charged for similar legal services; (5) the experience, reputation, and ability of counsel; and (6) the fee arrangement existing between counsel and the client.

3

*Id.*

Defendant's counsel avers that they reasonably expended 170 hours on this matter, and they request an hourly fee of $300. (Second Doda Decl., Ex. A (Declaration of Attorneys' Fees).) Upon review of Defendant's declaration, the Court finds that the requested fee award is reasonable, and Defendant is therefore awarded attorneys' fees in the amount of $51,000.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Attorney Fees [Doc. No. 36] is **GRANTED** and that Defendant is hereby awarded $51,000 in reasonable attorneys' fees.

Dated: April 28, 2022                                         s/Susan Richard Nelson
                                                                                                                SUSAN RICHARD NELSON
                                                                                                                United States District Judge